UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JAMES DUNN ET AL | CIVIL ACTION NO. 25-cv-1325 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| STARR INDEMNITY & LIABILITY CO | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Defendant Starr Indemnity Company filed a Diversity Jurisdiction Disclosure Statement and alleged that it is a corporation "domiciled in the State of Texas" with its principal place of business in New York. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

Starr's allegation that it is "domiciled" in Texas is insufficient to allege its state of incorporation. Starr will need to file, no later than **September 25, 2025** an amended

Diversity Jurisdiction Disclosure Statement that specifically alleges the state in which it is incorporated.

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of September, 2025.

                                                Mark L. Hornsby
                                                U.S. Magistrate Judge